UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

ESTELLE STAMM,

                              Plaintiff,

          - against -

THE CITY OF NEW YORK AND
THE CITY OF NEW YORK
POLICE DEPARTMENT,

                              Defendants.

------------------------------------------------------------ x

07 CV_cv 6521

**COMPLAINT AND JURY DEMAND**

Judge Pauley



JUL 19 2007
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff, Estelle Stamm, by her attorneys, Phillips Nizer LLP, as and for her Complaint against defendants The City of New York (the "CITY") and The City Of New York Police Department (the "NYPD") (collectively, the "Defendants"), hereby alleges as follows:

### JURISDICTION

      1.    This is an action brought under 42 U.S.C. §§ 12131, 12132, and 12148 of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, against the CITY and NYPD, which are responsible for safety and security on subway and bus transportation throughout the City of New York, for their failure to allow access to persons with invisible disabilities who utilize service animals. This Court has pendent jurisdiction of Plaintiff's New York State and New York City civil rights claims and common law claims for infliction of emotional distress.

1012416.1

## VENUE

2.  Venue is properly laid in the Southern District of New York in that Defendants have their principle places of business in this District.

## PARTIES

3.  Plaintiff is a citizen of the United States and a resident of this District. As described below, Plaintiff she is a person with disabilities within the meaning of the Americans with Disabilities Act and the New York State Human Rights Law and New York City Human Rights Code, which disabilities include Post-Traumatic Stress Disorder ("PTSD") and hearing impairment.

4.  Defendant CITY OF NEW YORK is a municipal corporation for a city with a population of more than 1,000,000. The City was created and exists under the laws of the State of New York and is a political subdivision of the State of New York.

5.  Defendant CITY OF NEW YORK POLICE DEPARTMENT is an agency of the City of New York charged with enforcement of the laws and preservation of the peace.

## FACTS

**Plaintiff's Disabling Condition**

6.  Plaintiff is a person with disabilities whose PTSD causes her to experience hypervigilance, a biochemical state brought about by an unremitting fear of encountering danger, a state of mind and body that is commonly known as the adrenaline-charged "fight or flight" reaction.

7.  Plaintiff experiences dissociative episodes, at which times she cannot recall where she is or where she was on her way to, and needs to stop where she is and reason out where she

was going before she is able to proceed. Plaintiff's hypervigilance can be a prelude to dissociative episodes.

8. Plaintiff's PTSD manifests itself in serious episodes or bouts of depression. During such episodes, Plaintiff is often unable to go outdoors, get out of bed, or attend to basic everyday functions and activities.

9. Plaintiff's PTSD impairs her ability to concentrate, causes her to have flashbacks whereby she re-experiences traumatic events, and makes her particularly sensitive to violence or the threat of violence.

10. Plaintiff also suffers from idiopathic hearing loss in her right ear, as a result of which Plaintiff is unable to tell the direction or distance of sounds or hear someone speaking to her who is at her right side.

11. Plaintiff is significantly limited in the major life activities of travel outside her home, conversing with others, obtaining medical care, working, in coming into physical contact with others, and in exercise or other strenuous physical activity.

12. Plaintiff's trained service dog is necessary to help mitigate the effect her disabilities. Plaintiff depends upon her service dog to assist her in staying present and not dissociating, to diminish her hypervigilance, providing a cue to remain calm in the presence of violence or the threat of violence. Plaintiff's service dog had been trained to alert and orient her to noises that may indicate avoidable hazards, alert her to emergency signals and orient her to the source of sounds, and to provide a physical barrier to contact with people.

**The Incident In Question**

13. On April 20, 2006, Plaintiff entered the Union Square subway station in Manhattan accompanied by her service dog. Plaintiff was thereupon approached by two police officers, one of whom (Shield #3442) told Plaintiff that she had to remove her dog from the system, notwithstanding the fact that she explained that she was a person with disabilities and that her dog was her service dog.

14. The second officer (Shield #38035) asked Plaintiff to identify her disability, a practice forbidden by the agencies charged with the implementation and enforcement of the ADA, the United States Department of Justice and the Department of Transportation. The officer then asked to see her "disability card." Plaintiff stated that she did not have one, and again reiterated that she was a person with disabilities, that her dog was a service dog, and that, accordingly, she was entitled to access to the subway system with her service animal.

15. Plaintiff asked the officers to allow her to speak to the desk sergeant at Transit District #4 station. The officers refused and insisted she leave the system. The officers then asked for identification and Plaintiff provided her driver's license.

16. The officers then issued Plaintiff a Notice of Violation for violating 21 NYCRR § 1050.9(h) and ordered her to leave the station.

17. The Notice of Violation was dismissed by the Decision and Order of the Transit Adjudication Bureau dated May 15, 2006.

18. By reason of the above, Plaintiff was falsely imprisoned and improperly seized and subjected her to humiliation, degradation and severe emotional distress, in violation of Titles II and III of the Americans with Disabilities Act. 42 U.S.C. §12101 et seq., Section 504 of the

Rehabilitation Act of 1973, the New York State Human Rights Law (N.Y. Exec. L §290 et seq.), and the New York City Human Rights Code (New York City Administrative Code §8-101, et seq.).

### FIRST CLAIM FOR RELIEF

19. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-18 hereof with the same force and effect as if fully set forth herein.

20. As a result of the above-described conduct, Plaintiff has suffered debilitating physical and mental trauma, emotional distress, pain, suffering and humiliation, and has been compelled to seek medical treatment and to expend monies for that treatment, and has been inhibited from using public transportation in New York City, where she resides.

21. Plaintiff has been subjected to an ongoing ordeal of being subjected to a hostile transportation environment and to a discriminatory denial of the use of public transportation in New York City.

22. Defendants' actions, detailed above, were in violation of the public transportation provisions of the Americans with Disabilities Act, 42 U.S.C. § 12148 et seq.

### SECOND CLAIM FOR RELIEF

23. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-23 hereof with the same force and effect as if fully set forth herein.

24. Defendants' conduct, detailed above, violated the public services provisions of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.

1012416.1

## THIRD CLAIM FOR RELIEF

25. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-24 hereof with the same force and effect as if fully set forth herein.

26. The United States Congress, in the Americans with Disabilities Act, designated the United States Department of Transportation ("DOT") as the agency charged with adopting regulations to implement the provisions of the Americans with Disabilities Act governing public transportation.

27. Pursuant to regulations of the DOT implementing the Americans with Disabilities Act found at 49 CFR § 39.167(d) individuals with disabilities must be allowed to be accompanied by their service animals while utilizing public transportation vehicles and facilities.

28. Pursuant to regulations of the DOT implementing the Americans with Disabilities Act found at 49 CFR § 37.173, personnel working in public transportation systems must be trained to proficiency to properly assist and treat individuals with disabilities who use the system in a respectful and courteous way, with appropriate attention to the difference among individuals with disabilities.

29. Defendants' failure to act to prevent their employees from denying equal access to public transportation to persons with service dogs constitutes a willful violation of the regulations of the DOT enforcing the right of persons with disabilities to access to public transportation under the Americans with Disabilities Act.

## FOURTH CLAIM FOR RELIEF

30. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-29 hereof with the same force and effect as if fully set forth herein.

1012416.1

31. The United States Congress, in the Americans with Disabilities Act designated the United States Department of Justice ("DOJ") as the agency charged with adopting regulations to implement the provisions of the Americans with Disabilities Act governing public services.

32. Defendants' failure to act to prevent their employees from denying equal access to public transportation to persons with service dogs constitutes a willful violation of the regulations of the DOJ enforcing the right of persons with disabilities to access to public services under the Americans with Disabilities Act.

## FIFTH CLAIM FOR RELIEF

33. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-32 hereof with the same force and effect as if fully set forth herein.

34. At all times mentioned herein, Defendants have been recipients of public funds from the United States.

35. Defendants, by their denial of services to Plaintiff, have violated provisions of the Rehabilitation Act of 1973, 29 U.S.C. § 794, requiring that recipients of federal funds not exclude persons with disabilities from participation in their programs or activities solely by reason of disability.

## SIXTH CLAIM FOR RELIEF

36. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-35 hereof with the same force and effect as if fully set forth herein.

37. At all times mentioned herein, Plaintiff has been a person with a disability within the meaning of the New York State Human Rights Law, New York State Executive Law §290 et seq.

1012416.1