38. The New York City buses and subways are, and at all times mentioned herein have been, public accommodations within the meaning of New York State Civil Rights Law §40.

39. At all times mentioned herein, the dog which Plaintiff sought to bring onto the subways has been a service dog within the meaning of New York State Civil Rights Law § 47-b.

40. In denying Plaintiff unimpeded access to subway service with her service dog, Defendants have discriminated against Plaintiff, and have aided and abetted discrimination against her, in violation of the New York State Human Rights Law and the New York State Civil Rights Law.

## SEVENTH CLAIM FOR RELIEF

41. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-40 hereof with the same force and effect as if fully set forth herein.

42. The New York City subway has at all times mentioned herein been a place or provider of public accommodation, and a covered entity within the meaning of the New York City Human Rights Code, New York City Administrative Code § 8-102 (9), and (17), respectively.

43. At all times mentioned herein, Plaintiff has been a person with a disability within the meaning of the New York City Human Rights Code, New York City Administrative Code § 8-102 (16).

44. Allowing persons with service animals to be accompanied their service animals when utilizing public transportation, and training Defendants' employees to be aware of this practice, are reasonable accommodations within the meaning of the New York City Human Rights Code, New York City Administrative Code § 8-102 (16) and 8-107 (15).

45. Defendants have discriminated against Plaintiff and have aided and abetted discrimination against Plaintiff, on the basis of disability, under the New York City Human Rights Code, New York City Administrative Code § 8-107.

### EIGHTH CLAIM FOR RELIEF

46. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1-45 hereof with the same force and effect as if fully set forth herein.

47. Defendants and their employees, by their intentional infliction of emotional distress, gross negligence, recklessness, and deliberate indifference have subjected Plaintiff to physical and emotional trauma, pain, and suffering.

48. Plaintiff has given defendants notice of her claims against them.

49. More than thirty days have elapsed since Defendants were given notice of her claims, and these claims have not been adjusted.

**WHEREFORE**, Plaintiff demands:

1) a preliminary and permanent injunction requiring the immediate and periodic distribution to every employee assigned to the NYPD's Transit Bureau a statement instructing the employees that persons with disabilities, including persons with disabilities which are not visible, upon communicating that they are persons with disabilities and that an animal accompanying them is a service animal, be permitted to board public transit and pay a fare, and enjoining Defendants from circulating, publishing or enforcing regulations or Rules of Conduct which restrict the training or use of service animals in any manner not endangering passenger safety by persons with physical or mental disabilities on New York City public transportation, or which permit inquiry by defendants' employees into the nature of a person's disabilities or the services provided by a service animal;

2) a permanent injunction prohibiting Defendants from violating Plaintiff's right to utilize public transit with a service animal, and the development and implementation of an effective plan by Defendants to insure that Plaintiff and other persons with disabilities utilizing service animals be afforded equal access with non-disabled passengers to the use of New York City buses and subways;

3) a declaration that Defendants have violated Plaintiffs federal and state statutory and regulatory rights, and rights secured by the New York City Administrative Code;

4) an award of compensatory damages against all defendants jointly and severally, in an amount to be determined at trial but not less than $75,000 and punitive damages against each defendant liable for punitive damages, in an amount not less than one million dollars each,

5) reasonable attorneys fees and the costs of this action, together with such further, other and different relief as this Court deems just and proper

### Jury Demand

Plaintiff hereby demands a trial by jury of all claims triable by jury.

Dated: New York, New York
July 18, 2007

PHILLIPS NIZER LLP

By: _____
Bruce J. Turkle (BT-2676)
Attorneys for Plaintiff
666 Fifth Avenue
New York, New York 10103-0084
(212) 977-9700

10

1012416.1