UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ESTELLE STAMM,

                              Plaintiff,

           -against-

CITY OF NEW YORK AND THE CITY OF NEW YORK
POLICE DEPARTMENT,

                           Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

07 CV 6521 (WHP)

       Defendants the City of New York and the City of New York Police Department (together, "City Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

       1.      Deny the allegations set forth in Paragraph 1 of the Complaint, except admit that plaintiff purports to based jurisdiction as described therein.

       2.      Deny the allegations set forth in Paragraph 2 of the Complaint, except admit that plaintiff purports to base venue as described therein.

       3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

       4.      Admit the allegations set forth in Paragraph 4 of the Complaint.

       5.      Admit that the Police Department of the City of New York is an agency of the City of New York and respectfully refer the Court to New York City Charter § 435 for a complete and accurate statement of the nature, powers, and purpose of the agency.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.    Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in Paragraph 11 of the Complaint.

12.    Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in Paragraph 12 of the Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Complaint, except admit that Plaintiff encountered the police officer with the Shield No. 3442 at the Union Square subway station in Manhattan on April 20, 2006.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and aver that there is no police officer in the New York Police Department with Shield No. 38035.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint, except admit that the police officer with Shield No. 3442 asked plaintiff for identification and plaintiff provided her driver's license.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, except admit that plaintiff was issued a Notice of Violation for violating Transit Authority Rule 1050.9(h) by the police officer with Shield No. 3442.

17.     Admit the allegations set forth in Paragraph 16 of the Complaint.

18.     Deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Repeat and re-allege preceding responses to Paragraphs 1-18 of the Complaint as if fully stated herein.

20.     Deny the truth of the allegations set forth in Paragraph 20 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's physical and/or mental state.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, except deny that plaintiff has been discriminated against by City Defendants.

22.     Deny the allegations set forth in Paragraph 22 of the Complaint.

23.     Repeat and re-allege preceding responses to Paragraphs 1-22 of the Complaint as if fully stated herein.

24.     Deny the allegations set forth in Paragraph 24 of the Complaint.

25.     Repeat and re-allege preceding responses to Paragraphs 1-24 of the Complaint as if fully stated herein.

26.     Deny the allegations set forth in Paragraph 26 of the Complaint, and respectfully refer the Court to the Americans with Disabilities Act for a complete and accurate statement of its content.

27.     Deny the allegations set forth in Paragraph 27 of the Complaint, and respectfully refer the Court to 49 CFR § 39.167(d) for a complete and accurate statement of its contents.

28.     Deny the allegations set forth in Paragraph 28 of the Complaint, and respectfully refer the Court to 49 CFR § 37.173 for a complete and accurate statement of its contents.

29.     Deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Repeat and re-allege preceding responses to Paragraphs 1-29 of the Complaint as if fully stated herein.

31.     Deny the allegations set forth in Paragraph 31 of the Complaint, and respectfully refer the Court to the Americans with Disabilities Act for a complete and accurate statement of its content.

32.     Deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Repeat and re-allege preceding responses to Paragraphs 1-32 of the Complaint as if fully stated herein.

34.     Admit the allegations set forth in Paragraph 34 of the Complaint.

35.     Deny the allegations set forth in Paragraph 35 of the Complaint.

36.     Repeat and re-allege preceding responses to Paragraphs 1-35 of the Complaint as if fully stated herein.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38.     Deny the allegations set forth in Paragraph 38 of the Complaint, and respectfully refer the Court to New York State Civil Rights Law § 40 for a complete and accurate statement of its content.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40.     Deny the allegations set forth in Paragraph 40.

41.     Repeat and re-allege preceding responses to Paragraphs 1-40 of the Complaint as if fully stated herein.

42.     Deny the allegations set forth in Paragraph 42 of the Complaint, and respectfully refer the Court to New York Cit Human Rights Code, New York City Administrative Code, § 8-102 (9) and (17) for a complete and accurate statement of its content.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44.     Deny the allegations set forth in Paragraph 44 of the Complaint, and respectfully refer the Court to New York Cit Human Rights Code, New York City Administrative Code, § 8-102 (9) and (17) for a complete and accurate statement of its content.

45.     Deny the allegations set forth in Paragraph 45 of the Complaint..

46.     Repeat and re-allege preceding responses to Paragraphs 1-45 of the Complaint as if fully stated herein.

47.     Deny the allegations set forth in Paragraph 47 of the Complaint.

48.     Deny the allegations set forth in Paragraph 48 of the Complaint, except admit that plaintiff filed a noticed of claim on or about August 1, 2006.

49.     Deny the allegations set forth in Paragraph 49, except admit that City Defendants have not paid Plaintiff any sums of money in relation to the events alleged in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

50.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

51.     Defendants have not violated any of plaintiffs' rights, privileges or immunities under the U.S. Constitution, the laws of the United States, the New York Constitution, or any laws of the New York.

## THIRD AFFIRMATIVE DEFENSE

52.     At all times relevant to the acts alleged in the Complaint, defendants acted reasonably, properly, lawfully, and in good faith.

## FOURTH AFFIRMATION DEFENSE

53.     City Defendants exercised reasonable care and breached no duties.

## FIFTH AFFIRMATIVE DEFENSE

54.     Punitive damages cannot be ordered against some or all of the defendants.

## SIXTH AFFIRMATIVE DEFENSE

55.     Any injuries alleged in the Complaint were caused, in whole or part, by the culpable or negligent conduct of plaintiff and/or persons other than defendants.

## SEVENTH AFFIRMATIVE DEFENSE

56.     This Court lacks subject-matter jurisdiction over some or all of plaintiffs' state law claims

**WHEREFORE**, the City Defendants request judgment as follows:

A. in favor of City Defendants dismissing the Complaint and denying all relief requested therein;

B. for costs, fees and other disbursements incurred in connection with this action0; and

C. for such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                October 26, 2007

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                              City of New York
                            Attorney for Defendants
                            City of New York, and
                            New York City Health and Hospital Corporation
                            100 Church Street, Room 2-189
                            New York, New York  10007
                            212-788-0898

                    By:     _____
                            Elizabeth A. Wells
                            Assistant Corporation Counsel